## THEODORE PINSKE v. GARFIELD FARMERS MUTUAL FIRE INSURANCE COMPANY.[1]

May 29, 1936.

No. 30,902.

*L. A. Wilson,* for appellant.
*O'Brien & Sylvestre,* for respondent.

STONE, JUSTICE.

The complaint upon a policy of fire insurance encountered a general demurrer, which was sustained, and plaintiff appeals.

Defendant is a township mutual fire insurance company organized under 1 Mason Minn. St. 1927, §§ 3646 to 3674. The policy in suit was issued April 25, 1928, for a five-year term which expired at noon April 25, 1933. The fire which caused plaintiff's loss did not occur until July 31 of that year.

The policy was issued for the maximum term permitted by the statute, 1 Mason Minn. St. 1927, § 3661, under which defendant was organized, and which limits its power. No new contract is claimed renewing the old policy or extending its term. The ultimate

[1] Reported in 267 N. W. 263.

position of plaintiff, as taken in argument here, is that there was a breach of the policy by defendant by reason of which plaintiff should recover his loss. That theory is based upon the following provisions of the by-laws:

"16. It shall also be the duty of every director or agent, when duly notified by the secretary of all members whose policies expire, to solicit them for re-insurance prior to the time of such expiration, and it shall also be the duty of the secretary to notify by mail, each member of the time when his policy ceases to be in force.

"17. And it is moreover agreed by and between the company and the assured that this policy is made and accepted in reference to the foregoing terms and conditions, and the charter, by-laws, rules, regulations and conditions of this company, now or hereafter in force, which are to be used to explain or ascertain the rights and obligations of the parties hereto, not herein otherwise provided for, which is hereby made a part of this policy."

The policy was explicitly "founded on the constitution, rules and by-laws of the company." One of the rules or by-laws declared that "no policy of insurance shall be issued except on the written application of the owner of the property sought to be insured * * *. No insurance shall be taken except on the personal inspection of the agent of the district where the property sought to be insured is located."

The by-law (No. 16) upon which plaintiff relies, upon examination in the light of its context, must be and is held to impose no duty to the insured upon the secretary or any officer or agent of defendant. The duties to "notify by mail" when policies are to expire, and to "solicit" renewals, are wholly for the benefit of the company and to the end that, if advisable from its standpoint, renewals be procured. Even if notified by the secretary or solicited by any director or agent of the company, there would yet be, under the by-laws, the necessity that a renewal policy should not issue "except on the written application of the owner"; and then only after "personal inspection of the agent of the district where the property sought to be insured is located."

Such by-laws, imposing only a unilateral duty in favor of the company, cannot be given the effect of putting into the policy any term or condition of the contract in favor of the insured.

Had plaintiff's policy lapsed and in consequence he had ceased to be a member of defendant, he would have had a defense to an action by the company for an assessment against him for losses and expenses accruing after the expiration of the old policy. If in such a suit the company could not prevail, and surely it could not, the plaintiff has no cause of action in this case.

The demurrer was properly sustained.

Order affirmed.